UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VORCOM INTERNET SERVICES, INC.,

                    Plaintiff,

- *against* -

L&H ENGINEERING & DESIGN, LLC, et al.,

                    Defendants.

12 Civ. 2049 (VB)(LMS)

**ORDER AND REPORT AND RECOMMENDATION**

**TO: THE HONORABLE VINCENT BRICCETTI, U.S.D.J.**

      This Order, a portion of which includes a Report and Recommendation, resolves Plaintiff's renewed sanctions motion, Docket # 72, submitted in accordance with the Court's Order dated October 2, 2013, Docket # 70 ("October 2 Order"). Plaintiff seeks imposition of the following sanctions: (1) the entry of a default against Defendant LG Engineering & Design, LLC ("LG"), (2) the entry of a judgment for monetary sanctions against LG and non-party James P. LeDonne[1] ("LeDonne") in the amount of Plaintiff's attorneys' fees and costs incurred in seeking to take LeDonne's deposition, and (3) the issuance of an order precluding LeDonne from offering any testimony during motion practice or trial on behalf of LG. See Vink Decl. in Supp. (Docket # 73) ¶ 32. No papers have been filed in opposition to the renewed motion.

      As explained in the October 2 Order,

> Plaintiff makes this motion pursuant to the Orders issued by the Court on July 18, 2013 ("July 18 Order"), Docket # 63, and August 5, 2013, Docket # 65, based on LeDonne's failure to appear for his deposition on July 22, 2013. See Rubin Decl. (Docket # 67) Ex. 9 (transcript recording LeDonne's non-appearance). The relevant factual background is set forth in the Court's July 18 Order, as well as the Court's earlier Orders of May

---

[1] LeDonne was originally named as a defendant but was dismissed from the case. See Docket # 26.

> 23, 2013 ("May 23 Order"), and July 16, 2013 ("July 16 Order"), Docket ## 50 & 57, familiarity with which is presumed. All of these Orders forewarned LeDonne and LG that LeDonne's failure to appear for his deposition would be considered a basis for the imposition of sanctions, "including potentially monetary sanctions, preclusion of evidence at motion practice or trial, and striking of pleadings, including, potentially, a granting of default." May 23 Order; see also July 16 Order (LeDonne ordered to appear for July 22 deposition "or face sanctions"); July 18 Order ("A failure of Mr. LeDonne to appear as ordered will be a basis for the imposition of sanctions against him, including monetary sanctions and preclusion of his testimony.").

Docket # 70 at 1-2. The October 2 Order noted a number of shortcomings in the papers initially submitted by Plaintiff in support of its motion for sanctions, and accordingly, the Court ordered "that Plaintiff shall resubmit a proper motion, seeking default against LG and monetary sanctions against LeDonne, including attorney's fees, as well as preclusion of LeDonne offering any testimony during motion practice or trial on behalf of LG." Docket # 70 at 4-5.

## DISCUSSION

### Sanctions under Rule 37(d)

Plaintiff seeks the imposition of sanctions against LG and LeDonne under Rule 37(d) of the Federal Rules of Civil Procedure. Pursuant to Rule 37(d), the Court may order the imposition of sanctions when "a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) . . . --fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).[2] Possible sanctions

> may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award

[2]LeDonne is the principal shareholder and an officer of LG. See Docket # 50 (May 23 Order).

of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

The following sanctions are listed in Rule 37(b)(2)(A)(i)-(vi):

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

"Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his [or her] non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). In this case, no good reason has been provided for LeDonne's failure to appear for his deposition; indeed, no papers have even been filed in response to Plaintiff's renewed motion. Rather, LG and LeDonne have willfully and repeatedly failed to comply over a period of several months with multiple Court orders in which LG and LeDonne were warned of the consequences of LeDonne's failure to appear for his deposition, including the possible imposition of the

3

sanctions sought by Plaintiff herein. See Docket # 63 (July 18 Order, setting forth at length LeDonne's obstructive behavior and concluding: "This entire history supports the Court's conclusion in the May 23 Order that Mr. LeDonne has apparently been determined 'to stymy the progress of this litigation[.]' Such intentional effort to delay cannot be countenanced.").

Under the circumstances, the Court concludes that the sanctions sought by Plaintiff are appropriate. Accordingly, the Court orders (1) the entry of a judgment for monetary sanctions against LG and LeDonne in the amount of the attorneys' fees and costs incurred by Plaintiff in seeking to take LeDonne's deposition, see Fed. R. Civ. P. 37(d)(3) ("[I]n addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."); and (2) the preclusion of LeDonne from offering any testimony during motion practice or trial on behalf of LG.[3]

**Attorneys' Fees and Costs**

Having ordered the award of attorneys' fees and costs as a sanction, the Court must address Plaintiff's submission in support thereof. As the Second Circuit has stated, "The district court retains discretion to determine . . . what constitutes a reasonable fee." Millea v. Metro North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)) (internal quotation marks omitted). A reasonable fee is calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Both [the Second Circuit] and

---

[3]The entry of a default judgment against LG is addressed separately in the Report and Recommendation included herein.

the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.' " Millea, 658 F.3d at 166 (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008) and Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010)). "A detailed explanation of the lodestar calculation is unnecessary, but compliance with the Supreme Court's directive that fee award calculations be 'objective and reviewable,' implies the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." Id. at 166-67 (citing Perdue, 130 S. Ct. at 1674).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

### A. Reasonableness of Hourly Rates

In determining if the requested hourly rate is reasonable, a court must analyze whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Thus, "the court uses the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Weather v. City of Mount Vernon, No. 08 Civ. 192, 2011 WL 2119689, at *2 (S.D.N.Y. May 27, 2011) (internal quotation marks and citations omitted). "Courts should rely on both evidence submitted by the parties as to the rates they typically charge, and [the court's] own knowledge of comparable rates charged by lawyers in the district." Id. (internal quotation marks and citations omitted). Moreover, "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment[.]" LeBlanc-Sternberg, 143 F.3d at 764 (citing Missouri v. Jenkins, 491 U.S. 274, 283-84 (1989)). In calculating the presumptively reasonable fee, courts should bear in

mind that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay," and that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

In this case, the time records provided by Plaintiff's counsel evidence the involvement of three different attorneys – Richard Rubin, Paul Vink, and Andrew Greene. See Vink Decl. in Supp. Ex. 13. The hourly rate listed for both Rubin and Vink is $385, and the hourly rate listed for Greene is $495. Id. "A reasonable starting point for determining the hourly rate for purposes of a [presumptively reasonable fee] calculation is the attorney's customary rate." Parrish v. Sollecito, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003). Plaintiff's counsel states that Rubin's "hourly time as counsel to Andrew Greene & Associates, P.C. is billed at $385," Vink Decl. in Supp. ¶ 25, and though Plaintiff's counsel makes no statement concerning Vink's or Greene's customary rates, it is reasonable to assume that they too are billed out at the $385 and $495 hourly rates set forth in the time records provided. These hourly rates are reasonable and in line with prevailing market rates in this District. See, e.g., Antonmarchi v. Consol. Edison Co. of New York, Inc., No. 03 Civ. 7735, 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) (finding that "rates of $530.00 per hour for a partner with more than thirty years of legal experience [and] $400.00 per hour for counsel with more than fifteen years of legal experience . . . are consistent with contemporary rates held to be reasonable within this district") (citing cases).[4]

Accordingly, the Court finds that hourly rates of $385 for Rubin and Vink and $495 for

---

[4]Plaintiff's counsel notes that Rubin has practiced law, mainly as a litigator, for over 54 years. Vink Decl. in Supp. ¶ 25. No information has been provided concerning Vink's or Greene's years of experience. However, the Court has been able to ascertain through publicly available information (www.martindale.com) that Vink was admitted to the New York Bar in 1987, and Greene was admitted to the New York and Florida Bars in 1974. Thus, Vink has been practicing law for 26 years, and Greene has been practicing law for 39 years.

Greene are reasonable.

### B. **Reasonableness of Hours Expended**

In determining the number of hours reasonably expended, a court must consider both the "contemporaneous time records . . . [that] specify, for each attorney, the date, hours expended, and nature of the work done," New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983), as well as "its own familiarity with the case and its experience with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted). Moreover, in determining the number of hours that were reasonably expended on the litigation, the court has discretion to "trim fat," or reduce the total number of hours claimed to have been spent. Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citations omitted). Where a plaintiff submits deficient or incomplete billing records demonstrating the number of hours expended, courts may reduce the fee award requested. See Hensley, 461 U.S. at 437 n.12 (an attorney seeking a fee award must, at least, "identify the general subject matter of his [or her] time expenditures"). The court may also exclude "excessive, redundant or otherwise unnecessary hours" from the calculation, Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), or may make an across-the-board reduction in the number of hours for which fees will be awarded. See Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997). In determining the amount of hours reasonably expended on a case, "the relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Although the time records provided evidence of a total of 41.85 hours of time expended,

7

Plaintiff's counsel seeks to recover for only 33.25 hours of time spent on tasks related to their attempts to take LeDonne's deposition, including, among other things, (1) a motion made, and correspondence sent to the Court, to compel his deposition, (2) preparation for the deposition, (3) appearance at the courthouse to take the deposition and making a record of LeDonne's non-appearance, and (4) the initial motion for sanctions. See Vink Decl. in Supp. Ex. 13. In light of LeDonne's and LG's willful and repeated failures to comply with the Court's orders directing LeDonne's appearance at his deposition, the Court finds these expenditures of time by Plaintiff's counsel to be reasonable.

Accordingly, Plaintiff's counsel will be awarded fees for 33.25 hours of time.

### C. Costs

Plaintiff's counsel seeks to recover costs incurred in the amount of $1,015.71. See Vink Decl. in Supp. ¶ 30 & Exs. 15-16. The time slips provided reflect two charges of $125 for the court reporter, one incurred on July 22, 2013, listed as "Fee for Transcript of Proceeding," and another incurred on August 8, 2013, listed as "Classic Shorthand Reporting – Scheduled 7/22/13." Id. Ex. 15. However, Plaintiff's counsel has provided an invoice from Classic Shorthand Reporting dated August 8, 2013, that includes only a single charge of $125 for "Cancellation after the arrival of the Court Reporter and furnishing the statement taken in the above-captioned matter to be held at your offices on July 22, 2013." Id. Ex. 16. Because of this discrepancy between the time slips provided and the court reporter's invoice, the Court will reduce the award of costs by $125. With this modification, the Court finds the costs, which are primarily for Westlaw research, photocopying, postage, and phones, to be reasonable.

Accordingly, the Court awards Plaintiff's counsel costs in the amount of $890.71.

**Report and Recommendation**

As discussed above, based on the willful and repeated noncompliance of LeDonne and LG with Court orders, I conclude, and respectfully recommend that Your Honor should conclude, that the additional sanction of the entry of a default judgment against LG is also warranted. See, e.g., Xstrata Canada Corp. v. Advanced Recycling Tech., Inc., No. 1:08-CV-1366, 2010 WL 1539722, at *2 (N.D.N.Y. Apr. 19, 2010) (the "harsh sanction" of a default judgment is "warranted under Rule 37(d)" where "a defendant literally fails to show up for a deposition session") (internal quotation marks and citation omitted).[5]

In addition, as stated in the Court's October 2 Order, "Plaintiff may separately seek default against L & H before Judge Briccetti." Docket # 70 at 5. Plaintiff has not sought default against L & H, however, the Court notes that L & H has never appeared in the action. Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that the Court should *sua sponte* enter a default judgment against L & H. See Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Chinatown Carting Corp., No. 1:06-cv-05967, 2008 WL 5111108, at *3 (E.D.N.Y. Dec. 4, 2008) ("This Court's inherent power to manage its caseload provides the authority to *sua sponte* enter a default judgment against a litigant who has failed to prosecute its

---

[5] In addition, LG had been forewarned of an alternate basis for the entry of a default in the Court's July 18 Order: "A failure of LG to obtain counsel, who shall appear by filing a Notice of Appearance with the Clerk of this Court, no later than 5:00 pm on August 23, 2013, shall be considered an abandonment of the defense in this case, and Plaintiff[] shall thereafter be entitled to make a motion for default against Defendant LG, no later than September 23, 2013." Docket # 63 at 9; see Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P.") (quoting SEC v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975)) (internal quotation marks and alterations omitted). No counsel has filed a Notice of Appearance on behalf of LG.

case with reasonable diligence and who has not complied with the Court's rules of procedure.")

(internal quotation marks, alterations, and citations omitted).

## CONCLUSION

For the reasons stated above, Plaintiff's renewed motion for sanctions (Docket # 72) is **granted**, and the Court orders the following:

> (1) the entry of a judgment for monetary sanctions against LG and LeDonne in the amount of the attorneys' fees and costs incurred by Plaintiff in seeking to take LeDonne's deposition; and
>
> (2) the preclusion of LeDonne from offering any testimony during motion practice or trial on behalf of LG.

The judgment for monetary sanctions against LG and LeDonne shall be for attorneys' fees and costs in the total amount **$14,203.46**, calculated as follows[6]:

| | |
|---|---|
| Total Attorney Hours: | 33.25 |
| Fee for Attorney Hours:<br>(28.6 x $385=$11,011) + (4.65 x $495=$2,301.75) | $13,312.75 |
| Requested Costs: | $1,015.71 |
| Costs Deducted as Unrecoverable: | $125 |
| Total Costs: | $890.71 |
| **Total Award:** | **$14,203.46** |

It is respectfully recommended to Your Honor that a default judgment should be entered against LG and that Your Honor should *sua sponte* enter a default judgment against L & H.

This constitutes the Decision and Order of the Court with regard to the non-dispositive

---

[6] Plaintiff's counsel seeks $14,328.46 in attorneys' fees based on 33.25 hours of time, but this dollar amount includes the additional $1,015.71 that Plaintiff's counsel seeks to recover in costs. Subtracting costs from the total, the amount of attorneys' fees awarded is $13,312.75, as set forth in the table.

portions of the motion. With regard to the Report and Recommendation contained herein, the following Notice provision applies:

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Vincent Briccetti, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.

Dated: December 11, 2013
White Plains, New York

SO ORDERED AND RESPECTFULLY SUBMITTED,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

11