UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VORCOM INTERNET SERVICES, INC., <br><br> Plaintiffs, <br><br> - *against* - <br><br> L&H ENGINEERING & DESIGN, LLC, et al., <br><br> Defendants. | 12CV2049 (VB)(LMS) <br><br> **REPORT AND RECOMMENDATION** |

TO:   THE HONORABLE VINCENT BRICCETTI,
      UNITED STATES DISTRICT JUDGE

This action was commenced on March 20, 2012, by Plaintiff Vorcom Internet Services, Inc. ("Plaintiff"). Complaint (Docket # 1). As amended, the complaint alleges state law claims of breach of contract, fraud in the inducement, violation of New York General Business Law § 396-p, declaratory judgment, and successor corporate liability against Defendants L&H Engineering & Design LLC ("L&H"), James P. LeDonne ("LeDonne")[1] and LG Engineering & Design, Inc. ("LG"). Second Amended Complaint (Docket # 14).

On January 10, 2014, Your Honor granted Plaintiff's request for entry of a default judgment against LG and entered a default judgment sua sponte against L&H. Docket # 75. The issue of the amount of damages to which the Plaintiff may be entitled was referred to me for an inquest on damages. Id.; see Docket # 77. On January 28, 2014, I held a status conference at which L&H and LG failed to make appearances. See Docket, Minute Entry, January 28, 2014. On March 26, 2014, Plaintiff filed papers in support of its requested damages. Docket # 83. Plaintiff does not seek damages against LG because it has filed for bankruptcy. Gold Decl. ¶ 2,

---

[1] LeDonne was originally named as a defendant but was dismissed from the case. See Docket # 26.

footnote 1 ("LG has filed bankruptcy [sic], and therefore this inquest is only applicable to Defendant L&H.").[2]

For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that a default judgment should be entered against L&H in the amount of $90,000, plus prejudgment interest and post-judgment interest as set forth herein.

## BACKGROUND

Plaintiff is a New York corporation with its principal place of business in Mount Vernon, New York. Second Am. Compl. ¶ 2. LeDonne is a citizen and resident of Indiana. Id. ¶ 4. L&H is an Indiana limited liability company. Id. ¶ 3. LG is an Indiana corporation. Id. ¶ 5.

On or about November 23, 2011, LeDonne contacted Plaintiff on behalf of L&H and offered to sell Plaintiff commercial vans outfitted with fiber optic splicing equipment. Id. ¶ 8. Plaintiff entered into an agreement with L&H to buy two vans for $60,000 each. Id. ¶ 9. On November 28, 2011, Plaintiff paid L&H $60,000 for the first van, and on December 12, 2011, Plaintiff paid $30,000 towards the second van. Id. ¶ 10. Plaintiff alleges that L&H never delivered the fiber optic equipment for either van. Id. ¶ 12. L&H delivered one van to Plaintiff in December, 2011, but failed to deliver proper title paperwork. Rugg Aff. ¶ 8. Consequently, Plaintiff has been unable to register the van or transfer title to Plaintiff's name. Second Am. Compl. ¶ 11. Moreover, L&H failed to disclose to Plaintiff that as of October, 2012, Ford Motor

---

[2]Accordingly, Plaintiff does not address its claim of successor corporate liability against LG. See Gold Declaration and Rugg Affidavit. It is entirely unclear whether Plaintiff intends to seek the entry of a judgment against LG upon the termination of the bankruptcy proceeding, in which case the inquest proceeding would have to be stayed as to LG, or whether it is abandoning its claim against LG. Plaintiff in no way addresses this issue in its papers. Consequently, this Report and Recommendation only makes a determination regarding the judgment to be entered against L&H.

Credit Company LLC has had a lien on the van for its full value, which was estimated at that time to be $23,200. Rugg Aff. ¶ 9.[3] On February 24, 2012, in anticipation of this lawsuit, L&H and LeDonne incorporated LG and caused all of L&H's assets to be transferred to LG. Second Am. Compl. ¶ 19.

Plaintiff alleges that L&H, through LeDonne, made false representations in order to induce Vorcom to enter into the contract for the vans, and that LeDonne knew that he would not deliver the vans with proper titles and the contracted-for equipment. Id. ¶¶ 14-15. Plaintiff also alleges that despite its demand, L&H has failed to deliver the contracted-for items or return the $90,000 it was paid by Plaintiff for the vans and fiber optic splicing equipment. Id. ¶ 18.

## DISCUSSION

### I. Legal Standard

Upon the default of a party, a court must accept as true all factual allegations in the complaint, except those relating to damages, and a plaintiff is entitled to all reasonable inferences from the evidence offered, but the court nonetheless has discretion to decide whether the facts set forth in the complaint state a valid claim. See, e.g., Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also, e.g., Nwagboli v. Teamwork Transp. Corp., No. 08 Civ. 4562, 2009 WL 4797777, at *2 (S.D.N.Y. Dec. 7, 2009) ("When assessing the propriety of a damages award after a judgment by default is entered, a court must be satisfied initially that the allegations of the complaint are well-pleaded.") (internal quotation marks and citation omitted).

---

[3] Although Plaintiff refers to it as a "lien," the Summary Replevin Judgment entered in favor of Ford Motor Credit Company LLC states that it is "for possession of (1) ONE 2011 FORD ECONOLINE E 350 SUPER, VIN # 1FTSS3EL4BD04056 and a finding that the estimated value of the automobile is $23,200.00 plus a finding of damages for unlawful detention in the amount of $0.00 should the plaintiff be unable to obtain possession of the collateral . . . ." Rugg Aff. Ex. E (emphasis added).

"A default judgment that is entered on the well-pleaded allegations in a complaint establishes a defendant's liability, and the sole issue that remains before the court is whether the plaintiff can show, with 'reasonable certainty,' entitlement to the amount of damages [he or she] seeks." Trinity Biotech, Inc. v. Reidy, 665 F. Supp. 2d 377, 380 (S.D.N.Y. 2009) (citations omitted). Fed. R. Civ. P. 54(c) requires that "a default judgment must not differ in kind from, or exceed in amount, that [which] is demanded in the pleadings." GAKM Res. LLC. v. Jaylyn Sales Inc., No. 08 Civ. 6030, 2009 WL 2150891, at *2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citations omitted). In determining the amount of damages to be awarded, "under Rule 55(b)(2), 'it [is] not necessary for the District Court to hold a hearing, as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

## II. Analysis

In this inquest proceeding, Plaintiff seeks a monetary award in the amount of $90,000 based on its claims against L&H for breach of contract, fraud in the inducement, and a violation of New York General Business Law § 396-p, as well as a declaratory judgment stating that Plaintiff should be granted title to the one van that is in its possession.

### A. Breach of Contract

"Under New York law,[4] a breach of contract action requires proof of: (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."

---

[4]The parties in this action have always assumed that New York law governs resolution of the claims. See Docket # 26 (Memorandum Decision) at 6 ("Here, the parties have briefed the issues under New York law and thereby have consented to the application of the law of the forum state.") (internal quotation marks and citations omitted).

4

Nwagboli, 2009 WL 4797777, at *3 (internal quotation marks, citation, and footnote omitted).

In its Second Amended Complaint, Plaintiff alleges that "Defendant L&H . . . offered to sell Vorcom commercial vans outfitted with specified fiber optic splicing equipment," Second Am. Compl. ¶ 8, and "[b]ased on said solicitation, Vorcom was induced to enter into an agreement with L&H to purchase two such vehicles for $60,000 each." Id. ¶ 9. Plaintiff paid L&H "for the first van in full ($60,000), and . . . paid $30,000 towards the second van." Id. ¶ 10. L&H delivered to Plaintiff one van, but failed to provide the van's proper title paperwork or the specified fiber optic splicing equipment. Id. ¶ 11. L&H never delivered the second van or any of the specified equipment and never returned Plaintiff's payments. Id. ¶¶ 12, 18. Due to L&H's breach of the parties' agreement, Plaintiff alleges it has suffered damages in an amount no less than "$90,000 together with interest and costs." Id. ¶ 24. Plaintiff's factual allegations, accepted as true, establish a claim for breach of contract.

Damages are recoverable on a claim for breach of contract and "are determined by calculating the amount necessary to put the plaintiff in the same economic position he [or she] would have been in had the defendant fulfilled his [or her] contract." RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l., No. 12 Civ. 1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (internal quotation marks and citations omitted) (collecting cases), adopted by, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). Plaintiff has provided sufficient proof of the amount it paid L&H in exchange for the two contracted for vans. Attached to the Rugg Affidavit submitted by Plaintiff are copies of the invoices from L&H for the two vans and copies of Plaintiff's bank statements from The Westchester Bank showing that Plaintiff paid L&H $60,000 on November 28, 2011, and $30,000 on December 12, 2011. See Rugg Aff. Exs. C, D. Plaintiff also provided a copy of its electronic correspondence with L&H in which L&H acknowledges receipt of

5

Plaintiff's $60,000 payment for the first van and $30,000 down payment for the second van. See Rugg Aff. Ex. G. The electronic correspondence also supports Plaintiff's contention that the van delivered by L&H was missing proper title paperwork and the specified fiber optic splicing equipment. Id. This evidence supports an award of $90,000 in damages to Plaintiff.

In addition, on its award of $90,000 in damages, Plaintiff seeks "interest and costs." Gold Decl. ¶ 20(a). Under New York law,[5] prejudgment interest is recoverable as a matter of right on a breach of contract claim. C.P.L.R. § 5001(a) ("Interest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . ."); see RGI Brands LLC, 2013 WL 1668206, at *17. New York law further provides that

> [i]nterest shall be computed from the earliest ascertainable date the cause
> of action existed, except that interest upon damages incurred thereafter
> shall be computed from the date incurred. Where such damages were
> incurred at various times, interest shall be computed upon each item from
> the date it was incurred or upon all of the damages from a single
> reasonable intermediate date.

C.P.L.R. § 5001(b). The statutory interest rate in New York is 9% per annum. C.P.L.R. § 5004.

Plaintiff does not provide a date from which prejudgment interest should be calculated, and neither the Second Amended Complaint nor Plaintiff's inquest papers set forth a date on which its breach of contract claim arose. Accordingly, I recommend that prejudgment interest be computed from March 20, 2012, the date on which this action was filed. See Nwagboli, 2009 WL 4797777, at *12 ("[W]hen the record does not reveal the date on which a plaintiff's cause of action arose, prejudgment interest may be awarded from the date a plaintiff commenced the

---

[5]"Specifically with regard to prejudgment interest, in a diversity case, state law governs the award of prejudgment interest." Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151, 2013 WL 5951162, at *8 (S.D.N.Y. Nov. 1, 2013) (internal quotation marks and alteration omitted) (quoting Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008)).

6

action.") (citing Conway v. Icahn & Co., Inc., 16 F.3d 504, 512 (2d Cir. 1994)).

Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. See, e.g., Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151, 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013) ("Although the Complaint did not seek relief in the form of post-judgment interest, such relief is mandatory under federal law. Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004). Furthermore, . . . post-judgment interest . . . is governed by federal law under 28 U.S.C. § 1961 . . . in diversity actions. Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 112–13 (2d Cir. 2013).").

Accordingly, based on the record before the Court, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff is entitled to recover damages for its breach of contract claim in the amount of $90,000, plus prejudgment interest at the rate of 9% per annum from March 20, 2012, until the date of entry of judgment, and post-judgment interest calculated in accordance with 28 U.S.C. § 1961.[6]

### B. Fraud in the Inducement

"To assert a fraud cause of action, under New York law, a plaintiff must allege: (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Nwagboli, 2009 WL 4797777, at *5 (internal quotation marks and citation omitted).

In its Second Amended Complaint, Plaintiff alleges that in order to induce it "to enter

---

[6]As noted above, Plaintiff states that it seeks "costs" as well, Gold Decl. ¶ 20(a), but it provides no evidentiary support for the award of costs. Accordingly, I decline to recommend such an award.

into the contract with L&H, LeDonne materially misrepresented to Vorcom that it would sell the two subject vehicles with the specified fiber optic splicing equipment in return for payment of $120,000 . . . ." Second Am. Compl. ¶ 26. Plaintiff alleges that "[a]t the time LeDonne made these misrepresentations, LeDonne knew them to be false and made them with the intent to deceive Vorcom." Id. ¶ 27; see also id. ¶¶ 28-32. Relying on L&H's promise, Plaintiff paid L&H for the specially outfitted vans. Plaintiff has suffered damage by way of its payment to L&H.

However, "a cause of action for fraud cannot exist when the fraud claim arises out of the same facts as a breach of contract claim with the sole additional allegation that the defendant never intended to fulfill its express contractual obligations." Nwagboli, 2009 WL 4797777, at *5 (internal quotation marks and citation omitted). Here, that is exactly the nature of the misrepresentation alleged – L&H promised to provide two vans outfitted with specified fiber optic splicing equipment in exchange for Plaintiff's payment, and L&H failed to hold up its end of the bargain.

Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff cannot maintain a claim for fraud in the inducement and cannot recover damages on this claim.

### C. Violation of New York General Business Law § 396-p

Pursuant to New York General Business Law § 396-p(4),

> [i]f a retail dealer of new motor vehicles accepts a deposit from a consumer pursuant to a written contract for the purchase of a new motor vehicle, <u>such contract shall contain a provision</u> setting forth the estimated delivery date of the automobile and the place of delivery <u>and a statement in immediate proximity</u> to the estimated delivery date that, if the automobile has not been delivered in accordance with the contract within thirty days following such estimated delivery date, the consumer has the

8

> right to cancel the contract and to receive a full refund, unless the delay in delivery is attributable to the consumer.

N.Y. Gen. Bus. Law § 396-p(4) (McKinney 2014) (emphases added).

Plaintiff alleges that L&H's violation of New York General Business Law § 396-p provides for a full refund. However, by the terms of the statute, it is a notice provision for dealers of new motor vehicles as to the terms required in written contracts with consumers. Pursuant to the statute, dealers of new motor vehicles are required to provide notice to consumers that, under certain circumstances, they have the right to cancel and the right to a refund. The damages for failure to provide such notice are set forth in section six of the statute: "[a]ny dealer or employee of a dealer who violates any of the provisions of this section shall be subject to a civil penalty not to exceed fifty dollars for the first offense and two hundred fifty dollars for the second and each subsequent offense." Id. § 396-p(6). On its face, this statute does not give rise to the relief Plaintiff seeks. Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff cannot maintain this claim and cannot recover damages on this claim.

### D. Declaratory Judgment Regarding the Delivered Van

Plaintiff seeks a declaratory judgment that it is the owner of the van delivered by L&H to Plaintiff in New York and is entitled to receive title to the van and to register the van with the New York State Department of Motor Vehicles ("DMV") as its owner. Gold Decl. ¶ 20(c). On October 10, 2012, Ford Motor Credit Company LLC ("Ford"), as assignee of HZF Plainwell, Inc., filed a motion against LeDonne in Indiana state court for replevin summary judgment with respect to the van that L&H had delivered to Plaintiff. See Rugg Aff. Ex. E. On November 26, 2012, the Indiana state court granted Ford's motion and issued an Order for Possession against

9

LeDonne for the same van. Id. The court determined the van's estimated value to be $23,200. Id.

Plaintiff provides no legal support for the notion that it can assert a free-standing claim for a declaratory judgment regarding ownership of, title to, and/or registration of the van that was delivered to it by L&H. It cites no case law either recognizing or setting forth the elements of such a claim. Morever, even assuming arguendo that such a claim can be stated, Plaintiff cites no case law to support an award of the declaratory relief that it seeks under the circumstances present in this case. Indeed, Plaintiff provides no legal support for the notion that this Court may ignore the Indiana judgment or that Plaintiff's interest in the van is superior to Ford's. Furthermore, Plaintiff has presented no evidence that L&H itself had good title to the van in the first instance such that L&H could have passed title to Plaintiff upon Plaintiff's purchase of the van.[7]

The scant case law cited by Plaintiff is simply inapposite, and in any event, supports only the conclusion that the determination of ownership requires the resolution of issues of fact. See Bornhurst v. Massachusetts Bonding & Ins. Co., 21 N.Y.2d 581 (1968) (Court of Appeals ordered a new trial on the issue of who had title to the vehicle involved in an automobile accident in which the plaintiff was injured); Fulater v. Palmer's Granite Garage, 90 A.D.2d 685 (4th Dep't 1982) (in an action brought to recover damages resulting from an automobile accident, the Appellate Division determined that there should be a trial on the issue of ownership of the truck involved). The only other case cited by Plaintiff, Moretran Fin. Servs., LLC v. State of

---

[7]Indeed, given the fact that the summary replevin judgment was entered against LeDonne individually, and not against L&H, see Rugg Aff. Ex. E, there is no evidence in the record that L&H ever had title to the van.

10

New York, 75 A.D.3d 981 (3d Dep't 2010), is likewise completely inapposite and addresses the issue of whether the DMV can be held liable for issuing a certificate of title without reference to an out-of-state lien, where the lienholder failed to do what was required by DMV regulations in order to perfect its lien. Plaintiff cites no case in which a court has issued a declaratory judgment on the issues of ownership, title, and/or registration of a vehicle.

Thus, I conclude, and respectfully recommend that Your Honor should conclude, that, Plaintiff cannot maintain this claim and has failed to prove that it is entitled to the declaratory relief sought.

## CONCLUSION

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that a default judgment should be entered against Defendant L&H on Plaintiff's breach of contract claim in the amount of $90,000, plus prejudgment interest at the rate of 9% per annum from March 20, 2012, until the date of entry of judgment, and post-judgment interest calculated in accordance with 28 U.S.C. § 1961.[8]

<u>Plaintiff shall serve each of Defendants L&H and LG with a copy of this Report and Recommendation, including copies of any unpublished decisions cited herein, at their last known addresses and shall file appropriate proof of service.</u>

---

[8] Plaintiff also makes a conclusory request for an "award of attorneys' fees and punitive damages," Gold Decl. ¶ 20(b), without any legal or evidentiary support. Accordingly, I decline to recommend such an award.

11

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Vincent Briccetti, United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti and should not be made to the undersigned.

Dated: January 26, 2015
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York